The Honorable Clark Hall State Representative
302 Elm Street Marvell, Arkansas 72366-8729
Dear Representative Hall:
You have requested my opinion about the video and audio tape recording of public meetings. As background for your request you state:
 The entirety of the meetings [of the Helena-West Helena City Council] are videotaped, as well as tape-delayed for a radio broadcast. The city pays for both the video and radio recording of the meetings. Several Aldermen have expressed concerns regarding a local radio broadcast show that uses excerpts from the city council meetings.
With this background in mind, you ask three questions:
 1. Can a radio station or the news program use re-broadcasted excerpts from the audio and/or video obtained from the city without the consent of the [city's] governing body?
 2. Who owns the video and audio of the city council meetings?
 3. What actions may the city council take, if any, to prohibit the use of the city council meetings being recorded without the governing body's consent? *Page 2 
RESPONSE
My answer to your first question is "yes." I lack sufficient facts to definitively answer your second question. If the city contracts with a an outside entity that makes the recordings, then the question of who "owns" the recordings may be a contractual matter between the city and the outside entity. If the city itself handles the recordings, then, presumably, the city "owns" the recordings. As explained below, however, the question of who owns the recordings is not relevant to whether the city can prevent access to the recordings under the Arkansas Freedom of Information Act. The answer to your third question is that — assuming the FOIA applies to the recordings — the city cannot take any "actions" that would prohibit people's access to the recordings under the FOIA.
DISCUSSION
The same law applies to each of your questions. Accordingly, I will set out the applicable law first, and then respond to each question in turn.
The Arkansas Freedom of Information Act (FOIA) applies to each of your questions.[1] Under the FOIA, if a valid FOIA request is made for any "public record," that "public record" must be disclosed unless there is some specific exemption that shields it from disclosure.[2] The FOIA defines a "public record" in such a way that an audio or video recording showing the performance (or lack of performance) of an official function qualifies as a public record:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency *Page 3 
wholly or partially supported by public funds or expending public funds.[3]
In the scenario you describe, you seem to have in mind open, public meetings of a governing body. All such meetings are open to public attendance and any recording of those open meetings (whether audio or video recordings) are subject to the FOIA.[4]
With this background knowledge in mind, I can now turn to your three questions.
Question 1: Can a radio station or the news program usere-broadcasted excerpts from the audio and/or video obtained fromthe city without the consent of the [city's] governing body?
Any audio or tape recording of an open, public meeting is a "public record" that is generally subject to disclosure under the FOIA. If the audio or video recordings of the open meetings you have in mind are public records — which they seem to be under the above analysis — then they are subject to disclosure under the FOIA. As such, there is no requirement that a citizen consult the city's governing body to obtain permission to listen to or play the public records.
Question 2: Who owns the video and audio of the city councilmeetings?
I lack sufficient facts to answer this question definitively. You indicated that the city pays to have the public meetings recorded. If the city pays an outside entity to record the meetings, then the question of who owns the recordings may be contractual matter between the city and the entity doing the recording. But if the city does the recording itself, then, presumably, the city the city "owns" the recordings.
When this question is viewed in light of your other two questions, it seems that you may believe the question of who "owns" the recordings has some bearing on whether citizens can obtain and play the recordings of public meetings. The *Page 4 
question of ownership is not relevant to whether citizens can use the FOIA to obtain and play the recordings.[5]
Question 3: What actions may the city council take, if any,to prohibit the use of the city council meetings being recordedwithout the governing body's consent?
If the recordings are subject to disclosure under the FOIA, the city council cannot take any action to block or deliberately make it more difficult for citizens to obtain and use the public records.
Assistant Attorney General Ryan Owsley prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
DM:RO/cyh
[1] The FOIA is codified at A.C.A. §§ 25-19-101 to 25-19-110
(Repl. 2002 Supp. 2009).
[2] For a general overview of the rules pertaining to the release of public records under the FOIA, see Op. Att'y Gen. 2010-003. For a list of each public-records exemption to the FOIA, and commentary on each exemption, see John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT § 3.04 (m m Press, 5th ed., 2009).
[3]
A.C.A. § 25-19-103(5)(A) (Supp. 2009) (emphasis added).
[4] This office has already opined that citizens may record and broadcast public meetings. E.g., Op. Att'y Gen. Nos. 2000-251, 91-323, 83-213. For the general rules governing the FOIA's "open meetings" provisions, see Op. Att'y Gen. Nos. 2009-077, 2007-235.
[5] See Fox v. Perroni, 358 Ark. 251, 188 S.W.3d 881 (2004);City of Fayetteville v. Edmark,304 Ark. 179, 801 S.W.2d 275 (1990).